Johnston, Acting P. J., Sneed and MacCrate, JJ., concur; Adel, J., dissents and votes to reverse, to annul the determination of the respondents, and to direct the issuance of the certificate, with the following memorandum, in which Wenzel, J., concurs: The appellant landlord is the owner of a one-family house, validly occupied as a one-family dwelling under a certificate of occupancy issued on April 21, 1942. The landlord rented the basement of the house to a tenant for use as a dwelling, and the tenant so occupies it. On February 27, 1947, the department of housing and buildings notified the appellant that the use of the premises was in violation of law because it was occupied by two families, contrary to the one-family use permitted by the certificate of occupancy. Summary proceedings to evict the tenant, properly instituted, resulted in a judgment against the tenant, but the landlord has not been able to obtain a certificate of eviction under the New York City Emergency Rent Control Law. Application to the commission for a certificate was denied on the ground that “ Correction of the violation of the Department of Housing and Buildings does not require the eviction of the tenant.” The landlord brought this proceeding to annul respondents’ determination and for the issuance of a certificate of eviction. The application was. denied at Special Term. From the order entered thereon this appeal is taken. It appears from the record that during the pendency of the proceeding before respondents, they sought information from the department of housing and buildings concerning the violation. The information furnished is the basis upon which respondents acted and is as follows: “ There are violations now pending in this Department based upon: (a) Health hazards (b) Safety hazards which do not require eviction of the tenant.” As a result of that advice respondents denied the landlord’s application for a certificate of eviction. In my opinion there should be reversal of the order denying the application, the determination of respondents should be annulled, and a direction made to issue the certificate of eviction. The tenant’s occupancy of the premises results in two violations of law, set forth by the department of housing and buildings. One violation, it is said, can be removed without eviction of the tenant. This, however, is a mere conclusion. No qualification is made with reference to the other violation. The landlord cannot continue to use the premises as a two-family dwelling without violating the law and subjecting herself to the possibility of punishment for such violation. Respondents have no power to require structural changes in the building to *684 comply with the demand of the department of housing and buildings. (Cf. Matter of Lyons v. Prince, 257 App. Div. 202.)